# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARTHUR MAKIN,** | : | **No. 5:08po18** |
| **Appellant** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **UNITED STATES** | : | |
| **Appellee** | : | |

## MEMORANDUM

Before the court is defendant's appeal of Magistrate Judge Malachy E. Mannion's sentence of six months confinement and $105 in court costs. (Doc.16 at 2, 4). Having been fully briefed, the matter is ripe for disposition.

## I. Background

On February 20, 2009, United States Magistrate Judge Malachy E. Mannion sentenced the defendant, Arthur Makin (Makin), to six months imprisonment and imposed court costs of $105. (Doc.16 at 2,4). The sentence was based on Defendant Makin's plea of guilty on two counts of possession of a controlled substance in violation of 36 C.F.R. § 2.35(b)(2) and one count of operating a vehicle under the influence of marijuana in violation of 36 C.F.R. § 4.23(a)(2). (Doc. 16 at 1). The six-month total term consisted of two-month terms for each count, which were to be served consecutively. (Doc. 16 at 2). The United States requested a six-month term for each of the three counts to be served consecutively, (Transcript of Sentencing Proceeding, Exh. 1 to Government's Brief (Doc. 21) (hereinafter "T.") at

5).  This sentence would have been the maximum allowed by statute.  (Petty Offense Presentence Investigation Report, Exh. 3 to Government's Brief (Doc. 21) (hereinafter "P.R.") at 1).

The charges arose from citations issued on two occasions at the Delaware Water Gap National Recreation Area.  (P.R. at 4).  The first incident took place on May 25, 2008 and the second on August 7, 2008.  (Id.).  During the incident on August 7, 2008, the National Park Service Ranger discovered the defendant had a set of hand scales in his possession, in addition to the marijuana for which he was charged.  (Id.). The defendant was not charged with the possession of drug paraphernalia.  (Doc. 16 at 1).

During the sentencing hearing, Magistrate Judge Mannion stated:

> I am concerned when I look at the surrounding circumstances and facts of the case . . . As the government has mentioned, it's one thing to be caught with [a] personal possession amount of marijuana.  It's another thing to be caught with scales that are used to weigh out marijuana.  That is a completely different perspective in terms of the nature of the offense and the seriousness of the offense . . . I think it's serious when one has scales.

(T. at 6-7).

Magistrate Judge Mannion considered several other factors in determining the defendant's sentence.  (Id.).  He discussed the defendant's criminal history of twelve arrests with nine convictions including two for marijuana offenses.  (Id. at 6). Another factor that the magistrate judge considered was the fact that the defendant tested positive for marijuana twice after his arrest.  (Id. at 5, 7).  However, the magistrate judge accepted the probation department's conclusion that the tests were

2

residual positives from prior drug activity rather than new drug activity subsequent to arrest, indicating that "[the defendant was] perhaps serious about trying to turn [his] life around." (Id.). The magistrate judge then noted that the possibility that the defendant desires to turn over a new leaf should be weighed in light of his criminal history and that "there has to be [some] deterrence for both [the defendant] and . . . for society in general" from committing similar offenses in the future. (Id. at 7-8).

## II. Jurisdiction

This court has jurisdiction to hear the matter pursuant to 18 U.S.C. 3742(a)(4), which establishes that a defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence . . . was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable. United States v. Cooper, 437 F.3d 324, 328 n.3 (3d Cir. 2006) (quoting 18 U.S.C. § 3742(a)(4)).

## III. Standard of Review

The Supreme Court requires that sentences be reviewed for reasonableness on appeal with that review guided by the factors enumerated in 18 U.S.C. § 3553(a). Cooper, 437 F.3d at 326-27 (citing United States v. Booker, 543 U.S. 220 (2005)). Those factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed-
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for ... the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines.

18 U.S.C. § 3553(a).

The Third Circuit Court of Appeals has held that "following the Supreme Court's decision in Booker, a sentence will be upheld as reasonable if 'the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a).'" United States v. Schwietzer, 454 F.3d 197, 204 (3d Cir. 2006) (quoting United States v. Grier, 449 F.3d 558, 574 (3d Cir. 2006)).  The reasonableness standard requires a deferential review of the established record to determine "whether the final sentence . . . was premised upon appropriate and judicious consideration of the relevant factors."  Id.  The fact that this court might have imposed a different sentence upon a de novo review of the facts does not render the imposed sentence unreasonable or provide sufficient grounds to overturn the judgement.  Cooper, 437 F.3d at 330 (citing United States v. Williams, 425 F.3d 478, 481 (7th Cir.2005)).  The key question is whether the "trial court gave meaningful consideration to the § 3553(a) factors." Id. at 329 (citing Williams, 425 F.3d at 480)).  The sentencing court must demonstrate that it applied those factors reasonably in light of the record.  United States v. Bungar, 478 F.3d 540, 543 (3d

4

Cir. 2007) (citing <u>Cooper</u>, 437 F.3d at 329). While mere rote repetition of the § 3553

factors does not constitute meaningful consideration, the sentencing court is not

required explicitly to discuss or issue a finding on each individual factor. See <u>Bungar</u>,

478 F.3d at 543.

## IV. Burden of Proof

Appellants bear the burden of proving the unreasonableness of sentences on

appeal. <u>Cooper</u>, 437 F.3d at 332 (quoting <u>United States v. Talley</u>, 431 F.3d 784, 788

(11th Cir.2005) ("[T]he party who challenges the sentence bears the burden of

establishing that the sentence is unreasonable in the light of both that record and the

factors in section 3553(a).")).

## V. Discussion

Defendant asserts that "the sole issue on appeal is whether the sentencing

court improperly relied on [his] possession of scales in rendering his sentence" and

argues that Magistrate Judge Mannion "should not have given consideration to his

possession of scales because [the Defendant] did not plead to that offense." (Doc.

20 at 4). The defendant notes the United State's assertion that "one of the aspects

of the sentence will be the fact that [the defendant] had forty-three grams of

marijuana on him and a set of hand scales" and takes issue with Magistrate Judge

Mannion's comments during the sentencing hearing that "it's one thing to be caught

with personal possession of marijuana. It's another thing to be caught with scales

that are used to weigh out marijuana. This is a completely different perspective in

terms of the nature of the offense and the seriousness of the offense." (Doc. 20 at 2).

The court finds that the record as a whole reflects a rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553. <u>See</u> Schwietzer, 454 F.3d at 204. Magistrate Judge Mannion explained that because no sentencing guidelines existed for the petty federal offenses for which the defendant plead guilty, he considered the factors enumerated in 18 U.S.C. § 3553 to determine the appropriate sentence. (T. at 6). He discussed the "surrounding circumstances and facts of the case," the defendant's "criminal history," and the factors "related to rehabilitation" and determining the "appropriate punishment." (<u>Id.</u> at 6-7). Addressing the defendant's possession of scales, the basis of this appeal, Magistrate Judge Mannion stated plainly, "I think it is serious when one has scales." (<u>Id.</u> at 7).

Moreover, that the defendant possessed hand scales at the time of his citation for the possession of a controlled substance - a charge to which he plead guilty - is a matter of fact included in the record. (P.R. at 5) ("A search of the motorcycle revealed [forty-three] grams of . . . marijuana, papers, and a set of hand scales."). The defendant did not dispute this fact during the sentencing hearing. (T. at 2). The fact that the defendant was not charged for possession of the hand scales as drug paraphernalia did not preclude Magistrate Judge Mannion from considering the defendant's possession of the scales as part of the "nature and circumstances" of

6

the offense or the "seriousness" of the offenses for which he was charged and to which he plead guilty.  See Bungar, 478 F.3d at 545-46.

Defendant Makin's appellate brief hints at an alternate explanation for and use of the hand scales that were found in his vehicle, but this suggestion does not render his sentence unreasonable.  The appellate brief states, "Makin did not plead guilty to possession of hand scales as drug paraphernalia.  The Petty Offense Presentence Investigative Report on Makin specifically notes that Makin worked as a cook from 1998 through the present."  (Doc. 20 at 3).  While each statement is factually accurate, there is no further discussion of the relevance of the defendant's employment in his brief or elsewhere in the record.  There is no assertion or factual support for the assumption the latter statement seems to invite – that the hand scales in the defendant's vehicle were tools used for his cooking job rather than to measure quantities of marijuana.  That hand scales may have more than one use does not render Magistrate Judge Mannion's consideration of the scales in the context of a guilty plea for possession of marijuana unreasonable.

Magistrate Judge Mannion's consideration of the hand scales in this case is similar to the facts in U.S. v. Bungar.  See, 478 F.3d at 542.  In imposing the statutory maximum sentence for violating the terms of supervised release, the sentencing judge considered the fact that (1) an offense for which Bungar was convicted and imprisoned prior to his supervised release caused the deaths of two people and (2) Bungar had been questioned in relation to an alleged assault on his

girlfriend following his release. Id. Just as Defendant Makin was not charged with possessing the hand scales as drug paraphernalia, Bungar was not charged with causing the deaths of the two individuals or with an assault on his girlfriend. Id. at 541-42. Nonetheless, the Third Circuit found that those facts were reasonably considered within the context § 3553. Id. at 543.

Bungar also illustrates meaningful consideration of the § 3553 factors, particularly "the nature and circumstances of the offense and the history and characteristics of the defendant" and the need for the sentence to reflect "the seriousness of the offense, and their reasonable application to the particular facts. Id. After a federal grand jury returned indictments on three counts of narcotics possession with intent to distribute in violation of federal law, Bungar plead guilty on two of the three counts, with the third dismissed as part of the plea agreement. Id. at 541. Two years into his supervised release period, Bungar admitted that he (1) twice tested positive for cocaine use, (2) failed to submit verification of his attendance at Narcotics Anonymous and Alcoholics Anonymous meetings, (3) changed his address without notifying his probation officer, and (4) failed to report to his probation officer that local police had questioned him concerning the alleged assault of his girlfriend. Id. Disagreeing with the probation officer's assessment that a twelve-month term of house arrest was adequate, the court exceeded the bounds of the advisory guidelines and imposed the statutory maximum of sixty months imprisonment. Id.

The Court found that Bungar's admitted cocaine use also constituted circumstantial evidence of simple possession of a controlled substance in violation of 21 U.S.C. § 844, a grade B violation, and, as required by 18 U.S.C. § 3583(g) and U.S. S.G. § 7B 1.3(a)(1), revoked his supervised release. Under the advisory Guidelines, Bungar therefore faced a term of imprisonment in the range of 21 to 27 months. He faced a statutory maximum, pursuant to 18 U.S.C. § 3583(e)(3), of five years' imprisonment.

The District Court heard argument as to the appropriate sentence, expressing concern over Bungar's continuing abuse of illegal drugs in spite of having received a significant downward departure at sentencing in 1997. *The Court also emphasized Bungar's long history of offenses that included causing the deaths of two people and allegedly assaulting his girlfriend.* Based on these considerations, the Court found that a sentence above the advisory Guidelines range was warranted, and imposed a statutory maximum sentence of 60 months' imprisonment.

Bungar, 478 F.3d at 542 (emphasis added).

The Third Circuit disagreed with Bungar's assertion that the sentencing court's imposition of the statutory maximum was unreasonable and affirmed the sentencing judgment.  Id. at 545. The Third Circuit fount that the district court appropriately considered "the nature and circumstances of the offense and the history and characteristics of the defendant."  Id.  The circuit court expressly noted the district court's consideration of Bungar's "history of drug abuse before his incarceration that had resulted in the deaths of two people" and found "[p]articularly disturbing . . . [the] evidence that Bungar was questioned by police regarding the alleged assault of his girlfriend."  Id.  Bungar was not charged with the deaths of the two individuals referenced and there is no indication that he was charged or convicted of an assault on his girlfriend.  Id. at 541-42.  Nonetheless, the Third Circuit held, "these considerations, which are reflected in the record, demonstrate that the [district court]

gave adequate and meaningful consideration to the [factors enumerated in § 3553]."
<u>Id.</u> at 545.

The court therefore finds that Magistrate Judge Mannion reasonably considered the established fact that Defendant Makin possessed hand scales at the time of his arrest and citation for possession of a controlled substance in his assessment of the circumstances surrounding the defendant's offenses and the seriousness of those offenses.  (T. at 6-7.)  The sentence of two months imprisonment for each of the three offenses to which Defendant Makin pleaded guilty was, therefore, reasonable.

## VI.  Conclusion

For the reasons stated above, the court will deny the defendant's appeal of the sentence imposed by the Magistrate Judge.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ARTHUR MAKIN,** | : | **No. 5:08po18** |
| **Appellant** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **UNITED STATES,** | : | |
| **Appellee** | : | |

**ORDER**

**AND NOW**, to wit, this 17th day of June 2009, the Defendant's appeal (Doc. 20) is hereby **DENIED**.  The decision (Doc. 16) of Magistrate Judge Malachy E. Mannion is hereby **AFFIRMED**.

**BY THE COURT**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**